[Crim. No. 3319.  Second Appellate District, Division One.—May 15, 1940.]

THE PEOPLE, Respondent, v. NEAL W. PARKER, Appellant.

William W. Larsen for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

YORK, P. J.—Defendants were charged in an information containing two counts with the crimes of attempted robbery and grand theft from the person. They were likewise charged in both counts with being armed with a deadly weapon at the time of the commission of the offenses and at the time of their arrest. Defendant Williford pleaded guilty to the charge contained in count II of the information and admitted that he was armed at the time he committed the offense and at the time of his arrest. Defendant Parker was found guilty of the crime of attempted robbery, as charged in count I of the information, the jury finding that he was armed at the time of the commission of said offense, but that he was not armed at the time of his arrest. He was also found guilty of the crime of grand theft from the person, as charged in count II of the information, the jury finding as to this count that appellant was not armed either at the time he committed the offense or at the time of his arrest.

This appeal by defendant Parker alone is from the judgment of conviction, and from the order by which his motion for a new trial was denied.

The only point of contention on this appeal is that "the verdict stating that the defendant was armed at the time of the commission of the offense charged in count I of the information is erroneous as being contrary to the evidence in the case and to the law". However, appellant admits that the testimony as to whether or not he was armed at the time of the commission of the offense charged in count I is contradictory.

Mrs. Kabaker the complaining witness in the attempted robbery count, testified that on the 1st of August, 1939, at approximately 11 o'clock in the evening, she drove her automobile into the garage at her home and when she was partly therein she heard hurried steps outside in front of the garage; that she closed the door and as she emerged from the garage, the appellant walked up to her holding a gun and said, "This

is a stickup''; that she became angry and told appellant to wait a moment, whereupon she turned and fled up the street to the entrance to her home. She identified appellant as the man who held her up, and she testified that he had a gun in his hand but that she did not know what kind.

Miss Mickle, a neighbor of Mrs. Kabaker, testified that on the night in question she stepped outside her kitchen door and stood on the step; that she saw a car coming from the left; that it was being driven by Mrs. Kabaker, who turned to go into her garage; that as she entered the garage another car came around the corner which was to the right of Miss Mickle; that when Mrs. Kabaker was halfway into the garage she stopped a moment to get a better start; that the second car then drove up with two young fellows in it and stopped; that appellant Parker jumped out and paced back and forth before Mrs. Kabaker's garage and waited for her to come out, at which time he walked up to her and said, ''This is a stickup''; that ''I saw his hand come out'' and he held in it what appeared to be a gun; that this gun resembled exhibit I (a .32 Harrington-Richards gun). She also testified that when Mrs. Kabaker started to run away from them, both of the boys ran toward their machine, hopped in and drove away; that the gun which appellant held in his hand was not a silver gun; that it was not shiny but a dull black, the same color as exhibit I; that the light in front of her garage shone in such a way that it cast a sidelight on the gun, on appellant's face and right side, and on Mrs. Kabaker.

Three guns were introduced in evidence, i. e., exhibit I, a .32 Harrington-Richards pistol, which was found in the top of the defendants' automobile after their arrest and which defendant Williford admitted belonged to him; exhibit II, a toy pistol found lying on a shelf back of the seat of defendants' coupe which Williford said belonged to his sister; and exhibit III, a large Frontier gun which was recovered by the arresting officers from a toilet in a drive-in stand where defendants stopped after committing the alleged offenses, which gun appellant stated belonged to his father. According to the arresting officers' testimony, when they first questioned appellant he said he used a cap pistol when he attempted to hold up Mrs. Kabaker, but he later admitted using the .32 Harrington-Richards gun. In the presence of appellant, defendant Williford was asked by one of the arresting officers if appel-

lant used a cap pistol in the attempted holdup, and he said "No", and when asked which gun appellant used, he replied that appellant used his (Williford's) gun, and that appellant did not use his own gun because it was too large. Appellant stood mute when asked if this were true, but he testified at the trial that he used a cap pistol in his attempt to rob Mrs. Kabaker.

From this it readily appears that there was substantial evidence upon which the jury based its verdict that appellant was armed at the time he committed the offense charged in count I of the information.

■ Appellant also contends that "where the entire question for the jury was the determination of whether or not defendant-appellant was armed as charged in the information, it was the duty of the trial court to fully instruct the jury in this regard."

A review of the instructions which were given reveals that the trial court properly instructed the jury as to the law of the case, and that the instructions which appellant requested and the court refused to give were fully covered by the instructions given.

There being no error in the record, the judgment and order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.